PHEBE A. SMITH, Appellant, *v*. JOHN McARTHUR, Respondent.

*N. Y. Supreme Court, Second Department, General Term, May 13, 1889.*

1. *Assault. Lease. Crops.*—Where a tenant is entitled to take away the crops, when ripe, on vacating the premises, in case he paid the back rent, he cannot, without such payment, enter upon the land to remove them; and the landlord commits no assault in using the necessary force to eject him, or any one under him, from the premises.

2. *Same. Evidence.*—A letter written by the landlord, in respect to the occupation of the premises for the previous year, has no bearing upon the issue whether the permission to take the crops was upon the condition that the tenant paid the rent, and is therefore, inadmissible.

3. *Same.*—The proof as to the removal of the roof for the purpose of making repairs, as it was done with the consent of the tenant, did

not discharge him from the payment of the rent during the time the work was being done, though more discomfort was occasioned thereby than was expected, nor entitle him to damages, and is incompetent on the issue of non-payment of rent, or surrender of the premises.

This action was brought to recover damages for an assault.

Appeal from a judgment in favor of defendant.

*J. M. & T. B. Seaman,* for appellant.

*Charles J. Patterson,* for respondent.

BARNARD, P. J.—This was an action for damages for an assault. The jury have found against the claim, and the appeal practically brings up only the correctness of the rulings on the trial. The general facts are not in dispute. The defendant is the owner of certin premises in Queens county, and the plaintiff's husband was the tenant of the same, under the defendant, until the 28th of September, 1886. On that day the tenant and his family moved out of the house, and the landlord took possession. It was a question on the trial, whether this removal from the house was made with the intent to vacate the whole premises, or only the house, reserving the right to gather the crops then growing.

The rent was two months in arrears, and the removal was in pursuance of a notice to remove on or before October 1, 1886, which, it seems, the landlord had the right to demand. This notice contained a privilege, that the tenant should have the right to take the crops when fit to gather.

It was again a question, whether this permission was upon the condition that the tenant paid the rent. The parties do not agree on this subject, and the disagreement went to the jury. The letter from the landlord, in respect to the occupation of 1885, has no bearing on this question.

It was subject to the same conditions as to the payment of the rent, as was the notice given to remove from the prem-

ises.   The proof offered as to the removal of the roof for
the purpose of repairs had no importance; both parties
admitted that the roof was repaired by consent of the ten-
ant, and, if the surrender was made of the premises, it was
good, even if more discomfort was occasioned by the repair
than was expected.

The appeal book discloses no error, and the judgment
should, therefore, be affirmed, with costs.

PRATT, J., concurs; DYKMAN, J., not sitting.